UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
WALTER CARMONA,

                      Petitioner,

    -against-

UNITED STATES OF AMERICA,

                      Respondent.
------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 19 2012

MEMORANDUM DECISION
AND ORDER

11 Civ. 1071 (GBD)

GEORGE B. DANIELS, DISTRICT JUDGE:

Petitioner pled guilty to conspiracy to distribute, and possess with intent to distribute five kilograms or more of cocaine, under 21 U.S.C. §846, 812, 841(b)(1)(A). Following a Fatico hearing, petitioner was sentenced to a 218 month term of imprisonment. The Second Circuit affirmed Petitioner's conviction and sentence on direct appeal. Petitioner now moves for post-conviction relief pursuant to 28 U.S.C. §2255. He claims ineffective assistance of counsel at his plea and sentence, and on appeal.

**Procedural Background**

On October 19, 2004, Walter Carmona was indicted for conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21 U.S.C. §846, 812, 841(b)(1)(A). On March 31, 2005, the Petitioner appeared before this Court and pled guilty to count one of the indictment.

On February 7, 2008 this Court held a hearing to address Petitioner's challenge to the Government's claimed drug quantities pursuant to U.S. v. Fatico, 579 F.2d 707 (2d. Cir. 1978). Petitioner was willing to admit to conspiring to distribute thirty-three kilograms of cocaine, but

no more. The Government contended that Petitioner was the leader of an organization involved in a conspiracy from at least 1997 through April 2004 to deal in more than 150 kilograms of cocaine. After considering the issues raised in the <u>Fatico</u> hearing, this Court found the leadership and drug weight enhancements applied, and that Petitioner had not demonstrated an acceptance of responsibility that would warrant a reduction of three points from the guideline range. The sentencing guideline range was calculated to be 360 months to life in prison. Petitioner was sentenced on February 27, 2008 to a sentence, less than the guideline range, of 218 months in prison.

Petitioner appealed and the Second Circuit affirmed on direct appeal on February 16, 2010. Less than a year later, Petitioner moved pro se to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 on the grounds that his counsel deprived him of his Sixth Amendment right to constitutionally effective counsel. He argues, specifically, that his trial counsel failed to inform Petitioner of the operation of the sentencing guidelines and of the possible adverse sentencing ramifications of proceeding with a <u>Fatico</u> hearing, and that his appellate counsel failed to raise the issue of whether this Court had a factual basis to accept Petitioner's guilty plea.

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI. In order to obtain a reversal of conviction, the defendant must (1) demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) prove that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). In order to meet the prejudice prong of the <u>Strickland</u> test, Petitioner must

demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### I.   Possible sentencing ramifications of Petitioner's guilty plea and Fatico Hearing.

Petitioner argues that his lawyer ineffectively advised him of the likely sentence and possible outcomes of the Fatico hearing. Petitioner's choice and defense counsel's decision to pursue or forego a Fatico hearing is a "'matter of strategy' . . . and [courts] presume that such a strategy is sound absent a strong showing to the contrary." U.S. v. Santiago, 330 Fed. Appx. 234, 238-39 (2d Cir. 2009) (quoting Strickland, 466 U.S. at 689). As a part of the defense strategy, the decision to pursue the Fatico hearing cannot be considered objectively unreasonable pursuant to Strickland.

Petitioner alleges that his trial counsel failed to advise him that he could be sentenced to a seventeen year term of imprisonment. According to Petitioner, his counsel indicated he would likely receive a mandatory minimum ten year sentence as he was a first-time non-violent offender. Pet'r's. §2255 Mot. at 6.

Courts look to the plea colloquy in determining a defendant's understanding of the charges brought against them. U.S. v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) ("[T]he district court was entitled to rely upon the defendant's sworn statements, made in open court . . . that he understood the consequences of his plea, had discussed the plea with his attorney, [and] knew that he could not withdraw the plea."); Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992) (rejecting ineffective assistance of counsel claim where counsel provided defendant with an incorrect statement of the plea agreement, but during the plea allocution the court stated the correct plea agreement and defendant acknowledged that it was correct).

Petitioner entered a guilty plea on March 31, 2005. The plea proceeding complied in all respects with Rule 11 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 11. During the plea proceeding, this Court questioned Petitioner specifically as to his involvement in the crime and his knowledge of the possible range in sentencing outcomes. This Court informed Petitioner of the mandatory minimum sentence of ten years imprisonment and the maximum sentence of life imprisonment. Plea Tr. at 9 line 4. Petitioner acknowledged this Court's discretion in applying the sentencing guidelines and indicated that he understood the consequences of entering a guilty plea. Plea Tr. at 9. This Court specifically informed Petitioner that despite any representations by his counsel or the government, the Court alone would determine his sentence at the time of sentencing.[1]

---

[1] The allocution specifically included:

> THE COURT: Under current law, there are sentencing guidelines that judges must consider in determining your sentence. Have you discussed the sentencing guidelines with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that although there may be a calculation of the sentencing guideline range that was made by the government contained in a letter from the government to your attorney or your attorney may have independently calculated what he considered might be your sentencing guideline range, I cannot determine that sentencing guideline range until after a pre-sentence report has been completed by the probation department and you and the government have had a chance to challenge any of the facts reported or relied on by the probation office and its officers to calculate that guideline range? Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you further understand that even after it is determined what guideline range applies in your case, I have the authority to impose a sentence that is higher or lower than the sentence called for by the guidelines? Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that if your attorney or anyone else has attempted to estimate or predict what your sentence will be, that estimate or prediction could be wrong? Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Petitioner's contention that his counsel failed to notify him of the possible consequences of this Court's findings at the Fatico hearing also fails to meet the prejudice requirement of the Strickland test for ineffectiveness. Petitioner asserts that "had he not proceeded to a Fatico hearing, he would have absolutely received a three point acceptance of responsibility sentence deduction, which would have translated to a 30-40 month shortened term of incarceration." Pet'r's. §2255 Mot. at 7.

Prior to the Fatico hearing, Petitioner was expressly informed by the Court that "it would make a difference to me if it turns out I believe he's lying to me and he's trying to mislead the Court . . . And it may affect my judgment as to whether or not he's entitled to acceptance of responsibility." Fatico Tr. at 6.

Having been aware of the possible sentencing guidelines prior to the Fatico hearing, and the possible impact on the Court's determination of acceptance of responsibility, Petitioner cannot show that "but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington, 466 U.S. at 694. Thus, his claim fails to meet the

---

THE COURT: No one, not even your attorney or the government, can nor should give you any assurance as to what your sentence will be, since, as I have just said, that sentence cannot be determined until after the pre-sentence report is completed, I have ruled on any challenges to the report, and I have determined whether or not there are any grounds to depart up or down from the guideline range, and I have determined what is a reasonable sentence in your particular case. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also fully understand that even if your sentence is different from what your attorney or anyone else says that it might be, or if it is different from what you expect, you will still be bound by your guilty plea, and you will not be allowed to withdraw that guilty plea, and I will sentence you on the date of sentence pursuant to the guilty plea that you are entering today? Do you understand that?

THE DEFENDANT: Yes, sir.

Plea Tr. 11-12.

prejudice prong of the Strickland test for ineffective assistance of counsel. Petitioner's claim that his counsel was ineffective in advising him on the possible consequences of his guilty plea and the Fatico hearing is therefore DENIED.

## II. Challenge to the sufficiency of the factual basis for accepting Petitioner's guilty plea.

Petitioner contends that his appellate counsel was ineffective because he failed to argue that this Court did not have a sufficient factual basis upon which to accept his guilty plea. The record clearly supports the crime to which Petitioner pled. Petitioner fully admitted that he committed the charged narcotics offense. Even the minimal role he has consistently admitted is sufficient to support his guilty plea. The one transaction that Petitioner conceded at his Fatico hearing alone involved thirty-three kilograms of cocaine. When asked during the plea colloquy what made Petitioner guilty of the crime, Petitioner responded that he was guilty of the charge of conspiracy to distribute "5 kilos or more of cocaine," and that he agreed to help distribute drugs, and negotiate their transfer. Plea Tr. at 13.[2] This Court additionally heard testimony from a cooperating witness during the Fatico hearing concerning Petitioner's greater involvement in a conspiracy to deal in hundreds of kilograms of cocaine.

In this case, no specific amount of narcotics was seized. See PSR at 5 ¶ 18. "Where there has been no seizure of narcotics, or where the quantity seized does not reflect the scale of the offense, the Guidelines require the district court to estimate the amount of drugs involved in the

---

[2] The allocution included:

> THE COURT: The drug dealing that was involved, that you and these people were involved in, the total amount of drugs that were being dealt in over the time period, was that more than 5 kilos of cocaine?
>
> THE DEFENDANT: Yes, sir.

Plea Tr. at 13, lines 15-19.

6

offense." U.S. v. Blount, 291 F.3d 201, 215 (2d Cir. 2002) (internal citations omitted). In making an estimate, "the court has broad discretion to consider all relevant information." See Id. (citing U.S. v. Guevara, 277 F.3d 111, 125 (2d Cir. 2001)). After determining at the Fatico hearing that the Petitioner was untruthful about his participation in the crime, and after considering all of the evidence offered, this Court determined the quantity involved was more than 150 kilograms of cocaine as indicated in the pre-sentence report. See PSR at 5 ¶19. Petitioner admitted his involvement in a conspiracy to distribute thirty-three kilograms of cocaine. Therefore, there was a sufficient factual basis to support Petitioner's guilty plea.[3]

Petitioner's appellate counsel was not ineffective for not attacking the basis for Petitioner's guilty plea on direct appeal. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland v. Washington, 466 U.S. 668, 689 (1984) (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Attorneys have "wide latitude. . . in making tactical decisions." Strickland, 466 U.S. at 689. In determining the latitude of counsel's decisions, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983). Here, appellate counsel had full discretion whether or not to attempt to challenge the factual basis for the plea as part of counsel's strategy. Regardless of counsel's decision, most strategic decisions are precluded from being considered objectively

---

[3] After accepting Petitioner's plea, the court specifically advised Petitioner: "Because you have acknowledged that you are guilty as charged in Count One of this indictment, because you know your rights and are waiving them, and because your plea is entered knowingly and voluntarily and is supported by an independent basis in fact containing each of the essential elements of the offense, I accept your guilty plea and adjudge you guilty of the offense to which you have pled." Plea Tr. at 14 lines 15-21.

unreasonable. See Strickland, 466 U.S. at 689. Even if appellate counsel's decision not to pursue a factual basis claim had been objectively unreasonable, it was non-prejudicial since the record clearly indicates a sufficient factual basis upon which to accept Petitioner's plea of guilty. Petitioner has never, and does not now, deny his guilt as charged. Petitioner's ineffective assistance of appellate counsel claim is therefore DENIED.

## Conclusion

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

New York, New York
January 19, 2012

SO ORDERED

*[signature]*

GEORGE B. DANIELS
United States District Judge